Dear Colonel Brown:
This office is in receipt of your request for an opinion of the Attorney General in regard to plans for emergency preparedness. You indicate that the Louisiana Office of Emergency Preparedness has found that special needs agencies, such as nursing homes, must do better emergency planning, and that their plans need to be reviewed for flaws and duplication of resources by Parish Offices of Emergency Preparedness. However, these Parish Offices state that they have been advised that the act of reviewing a plan would implicate the office in liability for any subsequent planning or execution failures, and, therefore, they decline to review nursing home plans. The Office of Emergency Preparedness believes that there would be immunity from liability for good faith efforts by officials and volunteers, and asks the following questions:
 1. Does the law, as it exists, protect parish officials from liability for good faith efforts to promote emergency preparedness by reviewing private and corporate emergency plans; and
 2. If the present law were deficient in protecting parish officials from liability, what legislation would be needed to perfect the law?
In response to your first question we find in Title 29, Military, Naval, and Veterans' Affairs, Chapter 6, The Louisiana Emergency Assistance and Disaster Act, that R.S. 29:735, entitled "Immunity of Personnel", provides as follows:
 A. Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees, or representatives of any of them, engaged in any emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.
Therefore, we find that the present law protects parish officials and their representatives for injury or property damage by immunity for acts under the authority of the Louisiana Emergency Assistance and Disaster Act unless from "willful misconduct". Accordingly, we do not find that the act of the Parish Offices of Emergency Preparedness by "good faith efforts" in reviewing plans of private and corporate entities would create any liability on their part for any subsequent planning or execution failures inasmuch as a finding of liability demands "willful misconduct" occur.
Having found the present law sufficient to insure immunity for good faith efforts in emergency preparedness, we do not believe any further legislation is necessary to protect Parish Offices of Emergency Preparedness in regard to their action in reviewing private and corporate emergency plans.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR